**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEALER COMPUTER SERVICES, INC. f/k/a
FORD DEALER COMPUTER SERVICES, INC.,

       Plaintiff,

                                Case No. 06-CV-50836-DT

v.

FLATLAND FORD LINCOLN MERCURY, INC.,


       Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S**
**"MOTION TO CONFIRM ARBITRATION AWARD"**

Pending before the court is Plaintiff Dealer Computer Services, Inc.'s ("DCS's")

"Motion to Confirm Arbitration Award," which was filed on September 1, 2006.

Defendant Flatland Ford Lincoln Mercury, Inc. ("Flatland") has not responded or

otherwise defended against this suit.  Plaintiff has filed valid certificates of service for all

pleadings filed in this case.  The court ordered Plaintiff to file a brief in support of the

motion, (12/21/06 Order), which Plaintiff did on January 22, 2007.  Having reviewed that

brief, the court is persuaded that Plaintiff's motion should be granted.

Defendant's president was served with the necessary filings.  Defendant,

although directed by Eastern District of Michigan Local Rule 7.1(d)(1)(B) to file a

response within 21 days, has filed no response at all and has at no point sought an

extension of time to respond.  The court has further received no communication formal

or informal from Defendant.  Under the circumstances, it appears to the court that

Defendant has defaulted upon its opportunity to respond and defend, and that Plaintiff should prevail on that basis alone.

Moreover, the merits are on Plaintiff's side.  The standard of review for a federal district court to confirm an arbitration award is highly deferential.  *See e.g. Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005) ("When courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence.") (quotation omitted).  In addition, the supporting documentation that Plaintiff presents persuades this court that the arbitration award is valid and binding.  However, Plaintiff has not presented sufficient authority entitling it to its request for attorney fees, costs, expenses and other relief.  Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Confirm Arbitration Award" [Dkt #1] is GRANTED.  A separate judgment will issue.

IT IS FURTHER ORDERED that Plaintiff's request for attorney fees, costs, expenses and other relief is DENIED.

　　　　　　　　　　　　　　S/Robert H. Cleland
　　　　　　　　　　　　　　ROBERT H. CLELAND
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated:  February 6, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 6, 2007, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　S/Lisa Wagner
　　　　　　　　　　　　　　Case Manager and Deputy Clerk
　　　　　　　　　　　　　　(313) 234-5522

2